UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AGUILA BINION | Case No. 3:24-CR-98-CCB-SJF |

## **OPINION AND ORDER**

On December 11, 2024, a federal grand jury indicted Defendant Aguila Binion with knowingly possessing of a firearm as a felon in violation of 18 U.S.C. § 922(g)(1) and possessing a controlled substance with intent to distribute in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

Pending before the Court is Mr. Binion's motion to suppress all evidence seized following a search of Mr. Binion's vehicle. (ECF 20). For the reasons stated herein, Mr. Binion's motion is denied.

**FACTUAL BACKGROUND**

The following background facts are as alleged by Mr. Binion in his motion to suppress. (ECF 20). On August 5, 2024, South Bend Police Officer S. Leda approached Mr. Binion who was seated behind the wheel of a Chevrolet Impala stopped near an intersection in St. Joseph County, Indiana. (*Id*. at 1). Officer Leda asked Mr. Binion if he needed medical attention, and for Mr. Binion's identification. (*Id*.) Mr. Binion gave Officer Leda his identification, and another police officer, Ian Bator, ran Mr. Binion's information through NCIC. (*Id*. at 2). Officer Bator determined that Mr. Binion's license

was suspended, and that he had a prior conviction for driving with a suspended license. (*Id*.) Officer Bator arrested Mr. Binion for "driving while suspended," and handcuffed Mr. Binion. (*Id*.) Officer Bator searched Mr. Binion's pockets, and found "about 40 grams of a white powder and a wad of cash." (*Id*.) Officer Bator placed Mr. Binion in the back of his patrol vehicle, and then prepared an affidavit for a search warrant. (*Id*.)

A St. Joseph Superior Court Judge signed the warrant and returned it to Officer Bator. (*Id*. at 2; ECF 20-1). The search warrant does not describe the place to be searched. Instead, it describes the place to be searched as: "[w]hite, powdery substance, possibly in bulk or prepackaged in smaller amounts, baggies, scales or other paraphernalia." (ECF 20-1 at 3). In describing the evidence to be seized, the search warrant details Officer Bator's qualifications. (*Id*.)

Mr. Binion argues that the search warrant is facially invalid because it fails to set forth a nexus between the items sought and the place to be searched. Mr. Binion argues that Officer Bator, in executing the facially invalid search warrant, recovered additional evidence from his vehicle, and that the recovered evidence must be suppressed. Mr. Binion also argues that none of the exceptions to the warrant requirement apply.

The Government concedes that the affidavit and search warrant are facially flawed. (ECF 22 at 5). The Government argues that the warrantless search of the vehicle was nonetheless lawful for several independent grounds, including as a search incident

to arrest, a search under the automobile exception, and an inventory search. Mr. Binion, through counsel, did not file a reply in support of his motion.[1]

## ANALYSIS

To begin, the Court does not need to hold an evidentiary hearing on Mr. Binion's motion. The Court only needs to conduct an evidentiary hearing "when the allegations and moving papers are sufficiently definite, specific, non-conjectural and detailed enough to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion." *United States v. Villegas*, 388 F.3d 317, 324 (7th Cir. 2004) (upholding district court's denial of evidentiary hearing where district court only relied on defendant's version of events surrounding the search and other facts that defendant did not contest). Mr. Binion bears the burden of showing that there are disputed issues of material fact that require an evidentiary hearing. *See United States v. Rollins*, 862 F.2d 1282, 1291 (7th Cir. 1988). "A disputed issue only warrants an evidentiary hearing, however, if the difference in facts is material, that is, only if the disputed fact makes a difference in the outcome." *United States v. Juarez*, 454 F.3d 717, 720 (7th Cir. 2006) (internal quotations and citation omitted).

Mr. Binion's briefing on the motion to suppress does not identify any specific "material factual dispute" requiring resolution through an evidentiary hearing. *See McGaughy*, 485 F.3d at 969. In resolving of Mr. Binion's motion, the Court only needs to

---

[1] On February 21, 2025, Mr. Binion filed several *pro se* filings despite being represented by counsel. (ECF 23, 24, 25). The Court entered an order striking Mr. Binion's filings because they were not made through his attorney of record. (ECF 26). In ruling on Mr. Binion's motion to suppress, the Court does not rely on any arguments made in those stricken filings.

rely on Mr. Binion's version of events surrounding his arrest and search of his vehicle, and other facts Mr. Binion does not contest. Since the Court does not need to resolve any issues of disputed fact in reaching its decision on the motion, a hearing is not required. See *Villegas*, 388 F.3d at 324.

Mr. Binion first argues that the search warrant is invalid, and seeks to suppress the evidence obtained pursuant to the search warrant. "A warrant is valid under the Fourth Amendment only where it is based upon probable cause, supported by Oath or affirmation, and particularly describes the place to be searched, and the persons or things to be seized." *Jacobs v. City of Chicago*, 215 F.3d 758, 767 (7th Cir. 2000); U.S. Const. amend. IV. A search warrant that fails to describe with particularity the place to be searched is void. *Jacobs*, 215 F.3d at 767. The Court agrees with Mr. Binion that the search warrant, which does not even mention Mr. Binion's vehicle, is invalid because it does not describe with particularity the place to be searched.

Notwithstanding the invalidity of the search warrant, the Government argues that the search of Mr. Binion's vehicle was lawful. "Warrantless searches are *per se* unreasonable under the Fourth Amendment-subject only to a few specifically established and well-delineated exceptions." *United States v. Salazar*, 69 F.4th 474, 477 (7th Cir. 2023) (citing *Arizona v. Gant*, 556 U.S. 332, 338 (2009)). The Government argues that several of these exceptions apply to the search of Mr. Binion's vehicle.

One exception to the warrant requirement is a search incident to a lawful arrest. "Officers may search an automobile incident to a lawful arrest of its recent occupant under two circumstances." *Davis*, 119 F.4th at 504. The first is when "the arrestee is

4

within reaching distance of the passenger compartment at the time of the search." *Id*. at 504-05. The second circumstance is when "it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Id*. at 504-05.

Mr. Binion's arrest must have been lawful for the exception to apply. *See id*. at 504. "Officers have probable cause to arrest when the facts and circumstances known to them reasonably support a belief that the individual has committed, or is committing, or is about to commit, a crime." *Id*. at 505. Mr. Binion does not contend that his arrest was unlawful or that the officers did not have probable cause to arrest him. Rather, Mr. Binion's allegations support the conclusion that his arrest was lawful.

Mr. Binion alleges that he was arrested for driving while suspended and for the discovery of powder or suspected narcotics on his person. (ECF 20 at 4). Under Ind. Code § 9-24-19-2, it is an offense for an individual to knowingly operate a motor vehicle with a suspended license. Upon learning that Mr. Binion's license was suspended, the officers had probable cause to arrest him for driving with a suspended license. The officers then searched Mr. Binion, which the officers were permitted to do under the search incident to arrest exception to the warrant requirement. *See Maryland v. King*, 569 U.S. 435, 449 (2013). When the officers recovered suspected narcotics and money from Mr. Binion's pockets, the officers then had probable cause to believe that Mr. Binion committed a crime involving controlled substances. Mr. Binion's arrest was therefore lawful.

Mr. Binion argues that the search of his vehicle was improper because the search incident to arrest exception is limited only to a search of the arrestee's person and the

5

area of the vehicle within his immediate control. While it is undisputed that Mr. Binion was not within reaching distance of his vehicle at the time it was searched—Mr. Binion had already been arrested—the search incident to arrest exception also permits a search of a vehicle where it is reasonable to believe the vehicle contains evidence of the offense of arrest. *See United States v. Edwards*, 769 F.3d 509, 515 (7th Cir. 2014). As discussed, the officers had probable cause to believe Mr. Binion committed a crime involving controlled substances. The officers had a reasonable basis for believing that more drugs or contraband may be located in Mr. Binion's vehicle when the officers discovered 40 grams of a white powder and a "wad of cash." The warrantless search of Mr. Binion's vehicle was therefore proper under the search incident to a lawful arrest exception.

Even if Mr. Binion's arrest was not lawful and the search incident to arrest exception is inapplicable, the warrantless search of Mr. Binion's vehicle was also justified under the automobile exception. The search incident to arrest and automobile exceptions "are interrelated, but not identical." *Davis*, 119 F.4th at 506. The automobile exception is not tied to an arrest, but "permits an officer to search a vehicle without a warrant if the search is supported by probable cause." *Id.* "Probable cause to search a vehicle exists when, based on the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Id.* (quoting *United States v. Sands*, 815 F.3d 1057, 1063 (7th Cir. 2015)). The inquiry is objective, and asks "whether the events which occurred leading up to the stop or search viewed from the standpoint of an objectively reasonable police officer support a finding of probable cause." *Id.* Such a search "extends to all parts of the vehicle in which contraband or

6

evidence could be concealed, including closed compartments and trunks." *United States v. Johnson*, 383 F.3d 538, 545 (7th Cir. 2004). Discovery of drugs on a person provides probable cause to search the vehicle if the officer had a reasonable basis for believing that more drugs or other illegal contraband may be concealed inside. *Id.* at 545-46; *see also United States v. Hays*, 90 F.4th 904, 907 (7th Cir. 2024) ("It is well settled that officers can search a car without a warrant where there is probable cause to believe that illegal substances are present.").

Mr. Binion argues that the automobile exception is available only when the mobility of the vehicle makes obtaining a warrant impractical. However, the mobility of the vehicle or the impracticality of obtaining a search warrant is irrelevant when determining whether the automobile exception applies. *See Maryland v. Dyson*, 527 U.S. 465, 466-67 (1999) ("And under our established precedent, the 'automobile exception' has no separate exigency requirement."); *United States. v. Zahursky*, 580 F.3d 515, 523 (7th Cir. 2009). Based on Mr. Binion's allegations, Officer Bator had probable cause to believe Mr. Binion's vehicle contained contraband or other evidence of unlawful activity after the officers discovered 40 grams of suspected narcotics and a "wad of cash" on Mr. Binion. The warrantless search of his vehicle was therefore proper under the automobile exception.

Since the search of Mr. Binion's vehicle was justified under the search incident to arrest and automobile exceptions to the Fourth Amendment warrant requirement, the Court need not address the Government's final argument that the search was also proper under the inventory exception.

7

## CONCLUSION

For the foregoing reasons, Mr. Binion's motion to suppress (ECF 20) is **DENIED**.

SO ORDERED on March 18, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT